UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAHIR MEHDI GHAFFARI, )  ) Plaintiff, ) v. ) ) INTERNAL REVENUE SERVICE, et al., ) ) Defendants. ) | Case No. 5:14-cv-02927-PSG **ORDER GRANTING MOTION TO DISMISS** **(Re: Docket No. 24)** |

Plaintiff Shahir Ghaffari filed this suit against Defendants Internal Revenue Service, United States Department of Treasury and Elisa Dang. Defendants move to dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(1), (5) and (6). Because the court finds that Ghaffari's claims fail as a matter of law, Defendants' motion is GRANTED but with leave to amend.

**I.**

Ghaffari founded a technology company in 2011 and began claiming operation costs as expenses on his tax return.[1] The IRS subsequently audited Ghaffari, asking Ghaffari for verification.[2] Dang—an agent in the IRS's San Jose office—directed the audit.[3] Dang requested a wealth of information from Ghaffari including bank records, contact information for individuals with whom Ghaffari had business engagements and information about related meetings and

---

[1] *See* Docket No. 22 at ¶¶ 2.2, 2.4.

[2] *See id.*

[3] *See id.* at ¶ 5.4.

1

Case No. 5:14-cv-02927-PSG
ORDER GRANTING MOTION TO DISMISS

events.[4] Ghaffari spent at least 500 hours complying with Dang's requests.[5] His health and company suffered as a result.[6]

This suit followed. Ghaffari alleges Dang and the IRS bombarded him with requests for unnecessary information to harass and intimidate him.[7] He asserts three causes of action: (1) violation of the Privacy Act,[8] (2) violation of his First and Fifth Amendment rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*[9] and (3) wrongful inspection and disclosure.

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

Under Fed. R. Civ. P. 12(b)(1), a case must be dismissed when, considered in its entirety and on its face, the complaint fails to establish subject matter jurisdiction.[10] The plaintiff bears the burden of establishing subject matter jurisdiction.[11]

Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[12] If a plaintiff

---

[4] *See id.* at ¶ 2.4.

[5] *See id.* at ¶ 8.15.

[6] *See id.* at ¶ 5.5.

[7] *See id.* at ¶ 2.4.

[8] Specifically, Ghaffari alleges Defendants retained his tax return information for unlawful purposes, failed to specify the authority that authorized solicitation of his information, failed to notify him of the purpose for which the information was solicited, failed to notify him of how his information would be used, failed to notify him of the consequences of not providing information and maintained records of his First Amendment activity without authorization. *See id.* at ¶¶ 8.5-12; *see also* 5 U.S.C. § 552a(e)(1), (3)(A)-(D), (7).

[9] 403 U.S. 388 (1971).

[10] *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

[11] *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

[12] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1   fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint

2   may be dismissed for failure to state a claim upon which relief may be granted.[13] A claim is

3   facially plausible "when the pleaded factual content allows the court to draw the reasonable

4   inference that the defendant is liable for the misconduct alleged."[14]

5   At this stage of the case, the court must accept all material allegations in the complaint as

6   true and construe them in the light most favorable to the non-moving party.[15] The court's review is

7   limited to the face of the complaint, materials incorporated into the complaint by reference, and

8   matters of which the court may take judicial notice.[16] However, the court need not accept as true

9   allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[17]

### III.

As a preliminary matter, Ghaffari's complaint must be dismissed in its entirety for insufficient service. In an action against a federal agency or employee, a plaintiff also must serve the United States by serving the Attorney General and the United States Attorney for the district in which the action is brought.[18] This Ghaffari failed to do. As a result, his complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5). But Ghaffari's claims suffer from flaws greater than insufficient service alone.

*First*, Ghaffari's Privacy Act claims fail as a matter of law. Section 522a(g)(1) of the Privacy Act provides civil remedies for federal agencies' failure to comply with Privacy Act

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[15] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[16] *See id.*

[17] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[18] *See* Fed. R. Civ. P. 4(i)(1)-(3).

provisions.[19] Congress, however, limited Section 552a(g)'s scope with regards to tax-related activity by specifying that "[t]he provision of subsection[] (g) of section 552a . . . shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax."[20] Here, Ghaffari's Privacy Act claims challenge the IRS's investigation of his claimed expenses, which indisputably relates to determination of his tax liability.[21]

Ghaffari's Privacy Act claim against Dang similarly fails. Section 522a(g)(1) only allows plaintiffs to bring civil actions "against the agency." This right of action does not extend to individual federal employees like Dang.[22]

***Second***, Ghaffari's *Bivens* claims fail as a matter of law. A *Bivens* claim can only be made against government agents in those agents' individual capacities.[23] Of particular relevance here, government agencies are not subject to suit under *Bivens*.[24]

Even as to Dang, Ghaffari's *Bivens* claim does not pass muster. Ghaffari argues that he has "no statutory remedy" for Defendants' violation of his First Amendment rights.[25] The Ninth Circuit, however, recognizes a comprehensive remedial scheme created by Congress to

---

[19] *See* 5 U.S.C. § 552a(g)(1) ("Whenever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency").

[20] 26 U.S.C. § 7852e.

[21] *See England v. Comm'r*, 798 F.2d 350, 351-52 (9th Cir. 1986) (holding that a district court lacked jurisdiction over a § 522a(g) claim concerning records related to determining tax liability); *O'Connor v. United States*, 669 F. Supp. 317, 323 (D. Nev. 1987), *aff'd*, 935 F.2d 275 (9th Cir. 1991) ("Therefore, § 26 U.S.C. § 7852(e) applies and prevents this Court's assertion of jurisdiction over plaintiffs' Privacy Act Claims against the IRS.").

[22] *See also Unt v. Aerospace Corp.*, 765 F.2d 1440, 1448 (9th Cir. 1985) (citations omitted) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals").

[23] *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("'[A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.'" (quoting *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987))).

[24] *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994).

[25] Docket No. 22 at ¶ 9.2.

4
Case No. 5:14-cv-02927-PSG
ORDER GRANTING MOTION TO DISMISS

resolve tax disputes.[26]  Accordingly, the Ninth Circuit has held that *Bivens* relief is not available for challenges to IRS officials' actions.[27]  Here, Ghaffari's allegations against Dang all relate to her investigation of his tax returns, which involved tax assessment and collection.

Dang also is entitled to qualified immunity against Ghaffari's *Bivens* claim.  Government officers acting in their official capacities are entitled to qualified immunity unless they violate "clearly established statutory or constitutional rights."[28]  Ghaffari asserts that Dang and the IRS "impos[ed] unreasonable burdens upon the exercise of [his] First Amendment rights"[29] and invaded "constitutionally protected . . . privacy."[30]  But notwithstanding these conclusory statements, Ghaffari fails to allege any conduct that constitutes a clear First or Fifth Amendment violation.

***Third***, Ghaffari's wrongful inspection and disclosure claims fail as a matter of law.  While Ghaffari raises his wrongful inspection and disclosure claims under 26 U.S.C. § 7431(a)(1),[31] that statute only provides a right of action "against the United States."  Ghaffari does not name the United States as a party.[32]

Even amending his complaint to assert a cause of action against the United States would not save Ghaffari's claims.  He alleges Defendants wrongfully inspected the information that Dang

---

[26] *See Adams v. Johnson*, 355 F.3d 1179, 1185 (9th Cir. 2004) ("There are few statutory schemes more complex, comprehensive, or subject to greater congressional scrutiny than the Internal Revenue Code").

[27] *See id.* at 1186 ("[W]e hold that *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials.").

[28] *See Thorsted v. Kelly*, 858 F.2d 571, 573 (9th Cir. 1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted).

[29] Docket No. 22 at ¶ 9.6.

[30] *See id.* at ¶ 2.4.

[31] *See* 26 U.S.C. § 7431(1)(a) ("If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States").

[32] *See also Mid-S. Music Corp. v. Kolak*, 756 F.2d 23, 25 (6th Cir. 1984) ([U]nder 26 U.S.C. § 7431(a)(1) the only proper defendant to such a suit is the United States").

5
Case No. 5:14-cv-02927-PSG
ORDER GRANTING MOTION TO DISMISS

requested because the inspection was not undertaken for tax administration purposes.[33] But Ghaffari fails to allege any facts to support this conclusion. The requested bank records, contact information for individuals with whom Ghaffari had business engagements and information about related events are all relevant to verifying claimed business expenses.

To the extent Ghaffari alleges Defendants unlawfully disclosed his tax return information,[34] his claim still fails. Ghaffari never identifies what information was disclosed, to whom, or under what circumstances. Such incomplete allegations are insufficient to render his wrongful disclosure claim plausible.[35]

## IV.

Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[36] Because Ghaffari has not previously amended his complaint and the court cannot yet say that amendment would be futile, leave to amend also is GRANTED. Any amended pleadings shall be filed no later than July 1, 2015.

**SO ORDERED.**

Dated: June 10, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[33] *See* Docket No. 22 at ¶ 10.5.

[34] *See id.* at ¶¶ 10.7-9.

[35] Other courts have similarly required more specific allegations when evaluating motions to dismiss § 7431 wrongful disclosure claims. *See, e.g., Schroeder v. United States*, Case No. 3:12-cv-00152, 2013 WL 3832445, at *2-3 (D. Nev. July 23, 2013).

[36] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).